

**VIA ECF**

July 24, 2015

The Honorable Robert M. Levy
Magistrate Judge
U.S. District Court for the
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Delgado v. Ocwen Loan Servicing, LLC, et al., Case No. 1:13-cv-04427

Dear Judge Levy:

We represent Defendants Cross Country Home Services, Inc., and Sandra Finn in this matter.  We also write with the consent of counsel for Defendant Ocwen Loan Servicing LLC.  This letter is submitted pursuant to the Court's Order of July 14, 2015, which directed the parties to "submit a schedule for deposing the *approximately 6 remaining representatives* of the putative RICO class."  (emphasis added).  The Order of July 14 also directed defendants' counsel "to explain how they would be prejudiced if the deposition of the remaining plaintiffs (who are not representatives of the putative RICO class) were deferred until after the motions to dismiss the state law claims have been decided."

Respectfully, there appears to be a misimpression or misunderstanding about the representatives of the putative RICO class.  In the Third Amended Complaint, *all* (not four or ten, but all 30) of the named Plaintiffs assert they are representatives of a nationwide putative RICO class.  See TAC ¶¶ 239, 240, and 251 – 281.  This means that all plaintiffs are "remaining representatives of the putative RICO class," as stated in the July 14 Order.  Unless and until Plaintiffs amend the Complaint or submit a filing withdrawing as representatives, all Plaintiffs are subject to depositions as putative RICO class representatives.



2

Similarly, the premise of the directive to the defendants to explain "prejudice," is misguided. The Order suggests that the examination of the "remaining plaintiffs" would be limited to the state law claims. There are, however, no plaintiffs with only state law claims subject to a motion to dismiss. All of the Plaintiffs are, according to the Third Amended Complaint, representatives of the putative RICO class.

So long as any named Plaintiff asserts RICO claims, either as an individual or a putative class representative, that Plaintiff should be subject to deposition. Fed. R. Civ. P. 30 clearly allows parties to be deposed. And in this lawsuit, where alleged deception is the central issue, the credibility of each plaintiff will be crucial. Credibility can only be effectively explored through an in-person deposition. The circumstances of the alleged deception, and the reasons underlying how and why each plaintiff was deceived, will also be factors in that credibility. Further, the alleged deception is premised on statements made in solicitations received in the mail, and document presentation and discussion will likely be key to each of these depositions. *See, e.g., Fireman's Fund Ins. Co. v. Zoufaly*, No. 93-CV-1890, 1994 U.S. Dist. LEXIS 15055 at *2 (S.D.N.Y. Oct. 21, 1994) (noting that, where documents are voluminous and central to the inquiry, in-person depositions are appropriate). Delay in inquiring about each Plaintiff's purported deception will hinder and prejudice all Defendants' ability to effectively build their defense, for no reason other than the convenience of Plaintiffs and their attorneys. Indeed, Plaintiffs' only proffered reason for this delay is that Defendants deny the claims.

Rule 30 states that a party may take the deposition of any person *without leave of court*, except for certain circumstances not applicable here. The Case Management Order ("CMO"), jointly submitted by Plaintiffs and Defendants, specifically states: "Defendants may take a separate deposition of each individually named plaintiff." ECF No. 51 at ¶ 9. Since all of the Plaintiffs assert RICO claims, either as a putative class representative or on their own behalf, there is no reason to deviate from the CMO. Notably, the Court has not ordered, nor has any party requested, any stay of discovery. Plaintiffs' attorneys should not be allowed to unilaterally undermine the CMO and Federal Rules.

When the CMO was submitted, Plaintiffs' attorneys advised the Court that they expected to amend the Complaint by adding a number of named plaintiffs. The CMO explicitly provides for dates when the amended complaint would be filed, and for defendants to file a motion to dismiss. If Plaintiffs' attorneys thought that depositions of the newly



3

added plaintiffs should be stayed while a motion to dismiss was pending, they could have, and should have, addressed that issue in the CMO.  They did not do so, and should not be rewarded now by allowing their stalling tactics to continue.

Plaintiffs' attorneys are stonewalling depositions of most of the named Plaintiffs, while they subject the Defendants to expanding demands for ESI.  But discovery is not designed for the convenience of one party over any other.  Rule 26(d) states that discovery may be used by any party in any sequence, except as ordered by the Court.  No Order of this Court limits the progression of discovery in this case—instead, the CMO allows the depositions to occur precisely as Defendants are now requesting.

And there is good reason for the CMO to have no limit on the progression of discovery.  According to the CMO, the class certification motion deadline is February 19, 2016.  There also is no provision in the CMO allowing Plaintiffs to file serial motions for class certification.  Plaintiffs do not have the right to move for class certification on one claim, and then move for certification of another claim at a subsequent date, if they happen to lose on the certification on their RICO claims, as Plaintiffs' attorneys have stated they will do.  That tactic alone would subject defendants to unfair prejudice by having to oppose serial motions for class certification.

The bifurcated deposition process now envisioned by Plaintiffs is at odds with the CMO, unsupported by the Federal Rules, and is designed to place significant burden on the Defendants as they attempt to defend this case.  Any Plaintiff asserting state and federal claims against Defendants in this action (which, as the pleadings now stand, is all of them) must be subject to deposition in the regular course of discovery.  Plaintiffs have decided to sue the defendants, and Defendants have a right to depose them.

Respectfully submitted,

/s/ Jason W. McElroy

Jason W. McElroy

Cc:  All Counsel of Record (via ECF)