

# WITTELS LAW
New York & New Jersey

**Steven L. Wittels**  18 Half Mile Road
**Partner**  Armonk, New York 10504
slw@wittelslaw.com  T: (914) 319-9945   F: (914) 273-2563

May 26, 2016

**Via ECF**
Honorable Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 1120

**Re:**   **No. 13 Civ. 04427-NGG-ST:** *Delgado et al v. Ocwen Loan Servicing, LLC et al.*

Dear Judge Tiscione:

  As appointed Interim Class Counsel in this RICO and consumer fraud class action, we write on behalf of Plaintiffs and the Class to respond to the Cross Country Defendants' Motion to Compel Discovery Responses ("Motion to Compel").  ECF No. 116.  Defendants advance various arguments for why Your Honor should compel Plaintiffs to further respond to Defendants Cross Country Home Services, Inc. and Sandra Finn's Second Set of Interrogatories, dated February 8, 2016 ("Interrogatories") (attached as Exhibit A to ECF No. 116), but none are availing.  The Interrogatories in dispute fall into two discrete categories:  (1) Interrogatories 1-6, 11, 17, and 19 seek information Defendants have already sought and obtained through deposition testimony and document discovery; and (2) Interrogatories 7-10 and 12-16 seek Class Counsel's legal conclusions regarding class certification and have been mooted by Plaintiffs' Motion for Class Certification, which fully apprises Defendants of both the factual and legal grounds in favor of certification.[1]  As shown more fully below, Plaintiffs' answers and objections to both categories of interrogatories are proper and conform to Second Circuit precedent.  Accordingly, the Motion to Compel should be denied.

**Plaintiffs' Answers and Objections to Interrogatories 1-6, 11, 17 and 19 Are Proper.**

  Plaintiffs should not be compelled to provide further answers to Interrogatories 1-6, 11, 17 and 19 because these interrogatories seek information that Defendants have already sought and obtained in the form of (i) Class Representatives' deposition testimony,[2] and (ii) Class Representatives' document productions.  For example, Interrogatory 1 asks each Plaintiff to

---

[1] Plaintiffs' class certification briefing was served on defense counsel on May 6, 2016.  In light of Judge Garaufis' May 9, 2016 Order denying Plaintiffs' consent motion for a page extension, Plaintiffs served a revised 75-page version of their class certification briefing on May 22, 2016.

[2] Defendants have deposed all 18 Class Representatives.  The only remaining deposition is a continuation, by phone, of the deposition of Plaintiff Cami Peloza.  Ms. Peloza's continued deposition was previously scheduled for May 3, 2016 but has been postponed by mutual agreement of the parties.

**Honorable Steven L. Tiscione** Page **2** of **4**
May 26, 2016

"[i]dentify all mortgage loans you have held in the past ten years, and for each mortgage loan identify: location, origination company, entity that serviced the loan, method of payment for loan." While incredibly burdensome and of marginal relevance (at best), Defendants have already learned this information through depositions. *See, e.g.*, Ex. A (Excerpts from the Transcript of December 15, 2015 Deposition of Jennifer Hendricks ("Hendricks Tr.")) (recounting history of mortgages held, including location of properties, and loan origination and servicing companies), at 17:41–21:19; Ex. B (Excerpts from the Transcript of January 12, 2016 Deposition of Paul Emmert ("Emmert Tr.)), at 15:19–21:20 (same); Ex. C (Excerpts from the Transcript of the January 14, 2016 Deposition of Cami Peloza ("Peloza Tr."), at 33:1–34:23 (same).

Similarly, Defendants' Interrogatory 17 asks each Plaintiff to "[i]dentify all lawsuits in which you have been a party, including bankruptcies, and also identify the case name, case number, jurisdiction, and the year the lawsuit was commenced." Again, Defendants asked for the same information during each of the Representative Plaintiffs' depositions. *See, e.g.*, Ex. A (Hendricks Tr.), at 22:12–23:22; Ex. B (Emmert Tr.), at 13:16–18; Ex. C (Peloza Tr.), at 10:1–5. Defendants have also asked for—and received—this information through their requests for the production of documents. For example, Defendants requested and Ms. Hendricks produced "all publicly filed pleadings, motions, and orders in all lawsuits in which you have been a plaintiff or defendant, excluding this Lawsuit, as identified in your Deposition." *See, e.g.*, Ex. D (Plaintiff Jennifer Hendricks' Responses and Objections to Defendants Cross Country Home Services and Sandra Finn's Second Set of Requests for Documents), response to Request No. 5. Despite several meet-and-confers, Defendants have failed to articulate any reason why the responsive information they have already obtained through depositions and document discovery is also necessary in the duplicate form of answers to interrogatories, or what the likely benefit of obtaining such discovery would be. Additionally, given that only the 18 Plaintiffs serving as Class Representatives could be deposed at this stage of the litigation, there is also no need for the Plaintiffs who have not been put forth as Class Representatives to respond to additional discovery until after the Court issues a ruling on the certification motion.

Accordingly, insofar as they seek information already obtained through deposition and document discovery, Defendants' Interrogatories are unduly burdensome, duplicative and calculated to annoy and harass. Indeed, Defendants' claim that Plaintiffs' objections to these interrogatories are "nonsensical and legally unsupported" is plainly incorrect: the Federal Rules require the Court to "limit the frequency or extent of discovery" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). Thus, courts in this Circuit have repeatedly denied motions to compel where the information sought "would not yield any information that would not be cumulative of the discovery already taken by defendants." *See, e.g., Zanowic v. Reno*, No. 97 Civ. 5292 (JGK) (HBP), 2000 WL 1376251, at *4 (S.D.N.Y. Sep. 25, 2000) (denying motion to compel answer to interrogatory that sought information already obtained through deposition testimony); *Bellinger v. Astrue*, No. 06 Civ. 321 (SMG), 2009 WL 2496476, at *13 n. 4 (E.D.N.Y. Aug. 14, 2009) (rejecting plaintiff's contention that "even where information has already been provided in other forms . . . she is nevertheless entitled to the same information in the form of answers to

**Honorable Steven L. Tiscione**  Page **3** of **4**
May 26, 2016

interrogatories"); *see also Zito v. Leasecomm Corp.*, 233 F.R.D. 395 (S.D.N.Y. 2006) (granting protective order where "[r]equiring [plaintiffs] to respond individually to the highly detailed interrogatories would provide little additional benefit but would be extremely expensive and time-consuming.").

**Plaintiffs' Answers and Objections to Interrogatories 7-10 and 12-16 Are Proper.**

      Plaintiffs should not be compelled to provide further answers to Interrogatories 7-10, and 12-16 because these interrogatories seek Class Counsel's legal conclusions regarding class certification and cannot (and need not) be answered by Plaintiffs.  For example, these interrogatories require each Plaintiff to opine on such questions as whether causation, injury, reliance, affirmative defenses and damages will be resolved on an individual basis (No. 7), whether there are limitations on the claims of class representatives or absent class members (Nos. 9-10), and how various categories of absent national class members will be identified (Nos. 14-16).  Given that answers to these questions are plainly beyond the knowledge of each individual Plaintiff and are already set forth in Plaintiffs' Motion for Class Certification, it is clear that the only possible purpose of Defendants' latest interrogatories is to harass and intimidate lay persons who have no legal training.  Insofar as Defendants intended the class certification interrogatories to serve as contention interrogatories, Plaintiffs rightly objected to them as improper and premature because "[t]he purpose of contention interrogatories is not to require the adversary to regurgitate information disclosed during discovery or preview the record that will be created at trial (or, as in this case, on a motion for class certification)." *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT) (JCF), 2013 WL 6501184, at *1 (S.D.N.Y. Dec. 11, 2013); *see also Protex Intern. Corp. v. Vanguard Products Group, Inc.*, No. 05 Civ. 5355 (ARL), 2006 WL 3827423, at *2 (E.D.N.Y. Dec. 27, 2006) (denying motion to compel plaintiff's response to contention interrogatories).[3]

      Additionally, to the extent the interrogatories are meant to assess the adequacy of Plaintiffs as class representatives, Plaintiffs also rightly objected to them on the grounds that they are unduly burdensome, are calculated to annoy and harass and invade attorney work product.  Plaintiffs cannot answer the class certification interrogatories because they do not possess, nor are "require[d]. . . to possess[] a detailed understanding of the legal or factual basis on which a class action can be maintained." *In re Playmobil Antitrust Litigation*, 35 F. Supp. 2d 231, 242 (E.D.N.Y. 1998).  This is as it should be, given that the "the Second Circuit requires a class representative to understand the subject of the class action, but allows that class representative to rely on class counsel's expertise for litigating the case." *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 41 (E.D.N.Y. 2008) (*citing Baffa v. Donaldson*, 222 F.3d 52, 62 (2d Cir. 2000)).

      Accordingly, compelling Plaintiffs to further answer the class certification interrogatories would not inform Defendants' arguments regarding the adequacy of Plaintiffs as Class Representatives and would result in nothing more than Class Counsel regurgitating class certification arguments already set forth in Plaintiffs' Motion for Class Certification.

---

[3] Plaintiffs note that courts in this district may and routinely do defer contention interrogatories until the close of discovery, even if not required to do so by Local Civil Rule 33.3.

**Honorable Steven L. Tiscione**  Page **4** of **4**
May 26, 2016

      For these reasons, Defendants' Motion to Compel should be denied in its entirety.

      Respectfully submitted,

      /s/ Steven L. Wittels_____
      Steven L. Wittels

cc:    All counsel of record (via ECF)