**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 28, 2017

Writer's Direct Contact
+1 (212) 336.4373
DFioccola@mofo.com

**By ECF**

Hon. Steven L. Tiscione
U.S. District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   No. 13 Civ. 04427-NGG-ST:  *Delgado et al. v. Ocwen Loan Servicing, LLC et al.*

Dear Judge Tiscione:

We represent Cross Country Home Services, Inc. ("CCHS") and Sandra Finn in the above-captioned matter (collectively, "Cross Country Defendants"). We also represent third-party Cross Country Group. We respectfully submit this letter in advance of the August 29, 2017 discovery conference to apprise the Court of Plaintiffs' unwillingness to meet and confer in good faith regarding Defendants' use of technology-assisted review ("TAR") and stated intention to bring a baseless sanctions motion.

As more fully set forth below, and as the Court is aware, during the last several months, Plaintiffs repeatedly have criticized Cross Country Defendants' use of TAR. While Cross Country Defendants believe that our use of TAR was appropriate, and that we have met all of our discovery obligations under the Federal Rules of Civil Procedure, we have been meeting and conferring with Plaintiffs in attempt to understand and respond to their purported concerns regarding our TAR process. A review of the course of these discussions reveals, however, that there are no deficiencies in Cross Country Defendants' TAR process. Indeed, Plaintiffs neither can articulate a single remaining concern about the TAR process nor a production deficiency attributable to the TAR process. Instead, Plaintiffs have been abusing the meet and confer process—and wasting this Court's time—with rank gamesmanship intended to impose unnecessary costs on Defendants and bolster a meritless sanctions motion against Cross Country Defendants.

In early July, soon after Plaintiffs first raised concerns regarding Cross Country Defendants' use of TAR, Cross Country Defendants contacted Plaintiffs in a good faith effort to resolve their purported concerns.   *See* Exhibit A, July 10, 2017 Email re: *Delgado, et al. v. OLS, et al.*, at *3. At our request, on July 7, 2017, we held a call with Plaintiffs' counsel to discuss

MORRISON | FOERSTER

Hon. Steven L. Tiscione
August 28, 2017
Page Two

the issue. During that call, we offered to provide additional information regarding our TAR process and, in an effort to alleviate any concerns that Plaintiffs may have had, offered to re-run our TAR algorithm including any additional "seed set" documents that Plaintiffs would like to add. If any additional documents were identified as potentially responsive by the TAR algorithm, we then offered to review and produce any non-privileged documents. We explained that while doing so would be costly for Cross Country Defendants, we were willing to re-run the algorithm to resolve this dispute and move this case forward. Plaintiffs claimed on that call they would consider this offer. They never did. And to date, Plaintiffs have never responded to this offer at compromise.

On July 10, 2017, we again reached out to Plaintiffs via email in an attempt to resolve this dispute. *See* Exhibit A, *1. Plaintiffs ignored this request. Instead, Plaintiffs decided to forego the meet and confer process entirely, and, on July 12, 2017, sent a letter to this Court demanding that the Court order Cross Country Defendants to provide information regarding our use of TAR. (ECF No. 335.) Notably, Cross Country Defendants had already committed to providing much of this information to Plaintiffs. Moreover, when the issue arose at the July 14, 2017 discovery conference, Plaintiffs attempted to explain their failure to respond to the July 10 email by representing to this Court that they never received it even though all others copied on the email received it and there was no indication of any transmission errors.

On August 4, 2017, Cross Country Defendants responded to Plaintiffs' requests and provided extensive additional information regarding our TAR process. (ECF No. 343.) Once again, Plaintiffs never responded. After failing to hear from Plaintiffs for nearly two weeks, on August 16, 2017, we once again asked Plaintiffs to meet and confer on this issue in an attempt to resolve any remaining concerns they might have had in good faith. *See* Exhibit B, August 16, 2017 Email re: *Delgado et al. v. OLS, et al.* On August 24, 2017, during a meet and confer, we answered additional questions from Plaintiffs and clarified portions of our August 4, 2017 response. We also agreed to consider providing additional information to Plaintiffs regarding our use of TAR. We explained during that call that while we wanted to resolve this dispute, to do so, we needed to understand what about our use of TAR Plaintiffs believed to be deficient. Mr. McInturff responded that Plaintiffs wanted to "defer" identifying any such deficiencies for now. During that call, Cross Country Defendants reiterated their compromise offer to allow Plaintiffs to add additional documents to the TAR "seed set." Once again, Plaintiffs did not respond to this compromise offer.

For this reason, on August 25, 2017, we sent Plaintiffs a letter asking them to provide additional information concerning their contentions regarding our use of TAR. *See* Exhibit C, August 25, 2017 Letter re: TAR Process. We asked Plaintiffs to identify any deficiencies they believed resulted from our use of TAR so that we could address any such deficiencies without further burdening the Court. On August 28, 2017, Plaintiffs responded in an email

ny-1296279

MORRISON | FOERSTER

Hon. Steven L. Tiscione
August 28, 2017
Page Three

and refused to identify a single deficiency related to Cross Country Defendants' use of TAR. *See* Exhibit D, August 28, 2017 Email re: *Delgado, et al. v. OLS, et al.* Instead, Plaintiffs indicated that they would be moving for sanctions based on Cross Country Defendants' "continued lack of transparency regarding its undisclosed, unilateral imposition of a predictive coding protocol."

Plaintiffs' course of conduct reveals that they never sought to resolve this purported dispute in good faith. Instead, Plaintiffs always intended to move for sanctions and merely used the meet and confer process in bad faith to extract additional information from Cross Country Defendants to bolster that motion. First, as evidenced by the course of discussions and exhibits to this letter, Cross Country Defendants have been proactively trying to address Plaintiffs' concerns. Far from a "continued lack of transparency," it has been Cross Country Defendants—and not Plaintiffs—repeatedly contacting Plaintiffs, offering additional information, and developing reasonable compromises, all with the goal of resolving this dispute without wasting the time and resources of this Court. On the other hand, it is Plaintiffs who have refused to provide any information regarding their contentions and have refused to even consider Cross Country Defendants' good faith offers at compromise. Second, Plaintiffs position that the undisclosed use of TAR alone, without any related production deficiency or prejudice to Plaintiffs, constitutes grounds for sanctions is absolutely meritless and contrary to the Federal Rules of Civil Procedure. Plaintiffs are not entitled to discover every decision Cross Country Defendants made in responding to their discovery requests, particularly where they cannot articulate any deficiency related to Cross Country Defendants' use of TAR. Plaintiffs' repeated failure to identify any such deficiency evidences the fact that no such deficiency exists and their extensive requests to Cross Country Defendants for information and threatened sanctions motion are nothing more than a bad faith attempt to disparage Cross Country Defendants and impose unnecessary costs. Such gamesmanship should not be countenanced.

Respectfully submitted,

/s/ David J. Fioccola

David J. Fioccola


Enclosures

Copies:
    All counsel of record (by ECF)


ny-1296279