D|F

## UNITED STATES DISTRCIT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARGARITA DELGADO, et al.,** | Case No. 13 Civ. 04427 (NGG) (ST) |
| **Individually and on Behalf of All Others Similarly Situated,** | CLASS ACTION |
| Plaintiffs, | ORDER APPROVING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT |
| v. | |
| **OCWEN LOAN SERVICING, LLC, et al.,** | |
| Defendants. | |

**THIS CAUSE** is before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement. Having reviewed the motion and supporting papers including the Settlement Agreement and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. For purposes of this Final Judgment and Order of Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2. This Court has jurisdiction over the subject matter of the litigation, the Named Plaintiffs, the other Class members, the Releasing Parties, and the Released Parties, and the Court reserves its continuing and exclusive jurisdiction over the Parties to the Settlement Agreement, including Plaintiffs, Defendants, and all Settlement Class members, to administer, supervise, construe and enforce the Settlement Agreement in accordance with its terms.

3. With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds as to the Settlement Class that:

    a. the Class is so numerous that joinder of all members is impracticable;

1

    b. there are questions of law or fact common to the Class;

    c. the claims of the Named Plaintiffs are typical of the claims of the Class;

    d. the Named Plaintiffs will fairly and adequately protect the interests of the Class;

    e. questions of law and fact common to Class members predominate over any questions affecting only individual Class members; and

    f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of and solely in connection with the Settlement, the Court certifies this action as a class action on behalf of the following Settlement Class:

> All current and former mortgage Ocwen, GMAC, and Homeward Residential customers who (a) were enrolled in one or more Cross Country Home Services ("CCHS") warranty or home service plans between August 6, 2009 and December 31, 2013 ("Plans") after cashing or depositing one of CCHS's check solicitations; (b) made one or more payments for a Plan; (c) never made a claim under a Plan; and (d) never received a full refund of all premiums paid for a Plan.

5. The Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Court hereby finds and concludes that (1) Notice and Reminder Notice were disseminated to members of the Settlement Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order,[1] and (2) the Short Form Settlement Notice, Short Form Reminder Notice, Long Form Notice, Notice to Current Enrollees, Claim Form, and Settlement Website complied with this Court's Preliminary Approval Order.

---

[1] On February 20, 2019 the Court issued its Order Approving Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") (ECF No. 417).

7. The Court finds and concludes that the Short Form Settlement Notice, the Short Form Reminder Notice, the Long Form Notice, the Claim Form, the Settlement Website, the Notice to Current Enrollees, and all other aspects of the notice, opt-out, and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirement of due process, were the best practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class and the Settlement Class members.

8. There were no objections to the Settlement, and no Class members requested to opt out of the Settlement.

9. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties.

10. The Court finds and concludes that the Settlement is fair, reasonable, and adequate and should be approved.

11. The Court hereby approves the Settlement (as set forth in the Settlement Agreement), the releases therein, and all other terms in the Settlement Agreement, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Order.

12. This action is dismissed with prejudice. The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

13. By this Judgment, the Releasing Parties shall be deemed to have (and by operation of the Judgment shall have) fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

14. In accordance with Section XII of the Settlement Agreement, Plaintiffs and all Settlement Class members are barred and enjoined from asserting any of the Released Claims, as set forth in Section XII of the Settlement Agreement, including during any appeal from this Order.

15. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Parties may file the Settlement Agreement and/or the Judgment from this litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. If for any reason the Effective Date does not occur, then (1) the certification of the Settlement Class shall be deemed vacated, (2) the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and (3) the Parties shall return to the status quo ante in the litigation as it

existed without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

17. Upon consideration of Class Counsel's request for Service Awards to the Named Plaintiffs, the request is GRANTED. Consistent with the terms of Paragraph 8.4 of the Settlement Agreement, Defendant shall pay Service Awards to the Named Plaintiffs in the amounts requested, as detailed in Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement.

18. Upon consideration of Class Counsel's request for an award of fees and costs, the request is GRANTED. Consistent with Paragraph 8.4 of the Settlement Agreement, Defendants shall pay Class Counsel fees and expenses, consistent with the terms of the Settlement Agreement.

19. Within 130 days from the Effective Date, the Settlement Administrator shall destroy all personally identifying information about any Class member in its possession, custody, or control, including (but not limited to) any list that the Settlement Administrator received from Defendants in connection with the Settlement Administrator's efforts to provide Notice to Class members.

20. Each and every Class member, and any Person actually or purportedly acting on behalf of any Class member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to

effectuate the Settlement Agreement and is ordered in aid of this Court's jurisdiction and to protect its judgments.

21.     This document is a final, appealable order and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.  By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in all respects with Rule 65(d)(l) of the Federal Rules of Civil Procedure.


SO ORDERED.


Dated: Brooklyn, New York

August 19, 2019

s/Nicholas G. Garaufis
HON. NICHOLAS G. GARAUFIS
United States District Judge